IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

DEMETRIUS R. KELLUM, #1936979 §

VS. § CIVIL ACTION NO. 6:21cv140

DIRECTOR, TDCJ-CID §

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Demetrius R. Kellum, a prisoner confined at the Ferguson Unit within the Texas Department of Criminal Justice (TDCJ), filed this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his Smith County conviction. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that Petitioner Kellum's petition be dismissed for lack of jurisdiction. He should also be denied a certificate of appealability *sua sponte*. By separate Order, for reasons contained in this Report, Petitioner's "motion for leave to file motion per Federal Rule of Civil Procedure Rule 60(b)(6); (1)(2) and Rule 59(b)," construed as a motion for leave to file a successive petition, (Dkt. #8), will be denied.

**I. Procedural Background**

Kellum challenges his May 2014 conviction for aggravated assault with a deadly weapon, enhanced with a prior conviction for murder. He was sentenced to life imprisonment. Kellum filed a direct appeal, and the appellate court affirmed his conviction. *See Kellum v. State*, 2015 WL 1951148 (Tex.App.—Tyler, Apr. 30, 2015, pet. ref'd. The Texas Court of Criminal Appeals (TCCA) refused his petition for discretionary review. Kellum then filed a state habeas application,

1

which the TCCA denied on the findings of the trial court without a hearing. *See Ex Parte Kellum*, slip. op. no. WR-84,346-03 (Tex.Crim.App., Sept. 20, 2017).

Moreover, Kellum filed a section 2254 habeas petition in this Court in case number 6:17cv695—which was dismissed, with prejudice, on November 19, 2019. This Court further denied Kellum a certificate of appealability *sua sponte*. Kellum filed a notice of appeal, and the United States Court of Appeals for the Fifth Circuit also denied Kellum a certificate of appealability. *See Kellum v. Davis*, No. 19-41029 (5th Cir. June 25, 2019). Kellum filed this subsequent habeas petition on April 7, 2021, (Dkt. #1).

## II. Kellum's Petition

In his petition, Kellum maintains that a red pocket-knife "relied on to convict" him "was never tested for blood DNA" before trial. He states that testing was not completed "to prove the knife was the weapon or not the weapon," (Dkt. #1, pg. 6). Kellum further claims that his 14th Amendment rights were violated through improperly using his 1991 case for enhancement purposes and that he is actually innocent. *Id*. at pg. 7-8.

The Court also notes that Kellum filed a "motion for leave to file motion per Federal Rule of Civil Procedure Rule 60(b)(6); (1)(2) and Rule 59(b)," (Dkt. #8). He again complains of the enhancement convictions, asserting that his prior convictions for misdemeanor assault and murder could not be used to deem him a habitual offender statute. *Id*. at pg. 5. As a result, Kellum insists that his current conviction is void.

## III. Discussion and Analysis

Kellum's habeas petition should be dismissed for lack of jurisdiction. This case is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which makes it significantly harder for state inmates to file "second or successive" habeas corpus petitions. 28 U.S.C. §

2254(b). Before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application is "second or successive" when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* (citation omitted). This Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838.

Here, Kellum's current federal habeas petition is successive. His challenges to his assault conviction—for which he was sentenced to life imprisonment—regarding his enhancement convictions, lack of DNA testing, and any habitual offender designation could have been raised in an earlier, previous petition.

In fact, this Court addressed Kellum's previous convictions in his initial federal petition, case number 6:17cv565, and determined that he made no showing that his previous conviction(s) were error. Moreover, this Court highlighted the state habeas court's finding that any DNA testing of the knife would not have made a different in the outcome of the proceedings because the issue at trial was whether Kellum acted in self-defense—not which particular weapon he used. *See* 6:17cv695. Accordingly, given that Kellum raised the same, if not strikingly similar, claims in his

3

previous federal habeas petition, his current claims were or could have been raised earlier. This petition is thus successive.

Kellum does not contend—and records at the Fifth Circuit do not suggest—that he has received permission from the Fifth Circuit to file a successive writ in this Court. The dockets at the Fifth Circuit reflect, however, that it denied Kellum permission to file a successive petition challenging his aggravated assault with a deadly weapon in June 15, 2020, case number 20-40333, along with its denial of a certificate of appealability in Kellum's first habeas proceeding, 6:17cv695. The Fifth Circuit has not permitted Kellum to file a successive federal habeas petition. This Court therefore is without jurisdiction to entertain his petition, and it should be dismissed.

## IV. Conclusion

Petitioner Kellum's federal habeas petition, challenging his underlying conviction for aggravated assault with a deadly weapon, is successive. There is no indication that the Fifth Circuit Court of Appeals granted him permission to file a successive petition and, therefore, the Court is without jurisdiction. Accordingly, this federal habeas petition should be dismissed.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). A district court may deny a certificate of appealability *sua sponte* because the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

To obtain a certificate of appealability, a petitioner must make the same showing as was required for a certificate of probable cause. *Else v. Johnson*, 104 F.3d 82, 83 (5th Cir. 1997).

The only difference is that the district court, in granting a certificate of appealability, must specify the issues to be appealed. *Muniz v. Johnson*, 114 F.3d 43, 45 (5th Cir. 1997).

The prerequisite for either a certificate of probable cause or a certificate of appealability is a substantial showing that the petitioner has been denied a federal right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996); *James v. Cain*, 50 F.3d 1327, 1330 (5th Cir. 1995). To do this, he must demonstrate that the issues are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. *Id.*

In the present case, Petitioner Kellum has not shown, nor does it appear from the record, that the issues he presents are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are adequate to deserve encouragement to proceed further. For these reasons, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled application for the writ of habeas corpus be dismissed—without prejudice to Petitioner's right to seek permission with the Fifth Circuit Court of Appeals. It is further recommended that the Petitioner Kellum be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the District Judge of those findings, conclusions,

and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 14th day of February, 2024.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE